FILED

2020 Jun-25  PM 03:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

LEE INVESTMENTS, LLC,

    Plaintiff,

                                CIVIL ACTION NO. _____

v.

NAUTILUS INSURANCE COMPANY and
ENGLE MARTIN & ASSOCIATES, LLC,

    Defendants.

## NOTICE OF REMOVAL

    Defendant Engle Martin & Associates, LLC (**"Engle Martin"**) (improperly named in the Plaintiff's complaint as Engle Martin & Associates, Inc.), pursuant to 28 U.S.C. §1332(a), 28 U.S.C. §1441(a), and 28 U.S.C. §1446(a), hereby removes the lawsuit styled <u>Lee Investments, LLC v. Nautilus Insurance Company and Engle Martin & Associates, Inc.</u>, Civil Action No. 07-CV-2020-900047.00 in the Circuit Court of Bibb County, Alabama (the **"Lawsuit"**), to the United States District Court for the Northern District of Alabama, Western Division.  This notice of removal is based on the following:

    1.      Plaintiff Lee Investments, LLC (**"Lee"**) filed the Lawsuit on May 21, 2020.

    2.      Defendant Engle Martin was served with the summons and complaint on May 26, 2020.  Copies of all process, pleadings and orders served on Engle Martin are attached hereto as Exhibit 1.

    3.      Lee requested service on Defendant Nautilus Insurance Company (**"Nautilus"**) through "CT Corp. System."  <u>See</u> Complaint [included in Ex. 1] at service instructions; <u>see also</u> Notice of Service and corresponding certified mail return receipt filed in the Bibb County Clerk of Court's records [Ex. 2].  However, CT Corp. System is not Nautilus's registered agent for

service in Alabama.  Nautilus has not been served with the Lawsuit.  As a result, Nautilus is not required to join in or consent to the removal.  See 28 U.S.C. § 1446(b)(2)(a) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.") (emphasis added). Nonetheless, out of an abundance of caution, Engle Martin obtained Nautilus's written consent to remove this suit.  See June 15, 2020 e-mail communications [Ex. 3].

4.     Neither Engle Martin nor Nautilus has answered or otherwise responded to the Plaintiff's complaint in state court.

5.     This notice of removal is timely filed within 30 days of service or purported service of the summons and complaint on both Defendants.  See 28 U.S.C. §1446(b).

6.     Engle Martin is removing the Lawsuit to this Court based on diversity of citizenship and amount in controversy, as set forth in 28 U.S.C. §1332(a) and (a)(1).

## THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PLAINTIFF AND THE DEFENDANTS

7.     Plaintiff Lee is now, was at the time this suit was filed, and was at all times intervening, a limited liability company whose three members – Charles Lee, Sandra Lee, and Summer Lee – are all citizens of Alabama.  Therefore, Lee is now and was at all such times a citizen of Alabama.  See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) ("a limited liability company is a citizen of any state of which a member of the company is a citizen").

8.     Defendant Engle Martin is now, was at the time this suit was filed, and was at all times intervening, a limited liability company whose sole member, Cor Partners, Inc., is a Missouri corporation with its principal place of business in St. Louis, Missouri.  Therefore, Defendant Engle Martin is now and was at all such times a citizen of Missouri.

9.     Defendant Nautilus is now, was at the time this suit was filed, and was at all times intervening, an Arizona corporation with its principal place of business in Scottsdale, Arizona. Therefore, Defendant Nautilus is now and was at all such times a citizen of Arizona.  See 28 U.S.C. §1332(c)(1).

10.     There is complete diversity of citizenship between the Plaintiff (a citizen of Alabama) and the Defendants (citizens of Arizona and Missouri).

<u>THE AMOUNT IN CONTROVERSY EXCEEDS $75,000,<br>EXCLUSIVE OF INTEREST AND COSTS</u>

11.     Defendant Nautilus issued an insurance policy number NN466887 (**"Policy"**) to Maciel Recovery & Recycling, which Policy affords commercial property coverage for a building located at 177 Airport Road, Centreville, Alabama 35042 (**"Property"**), subject to certain terms, conditions, limitations and exclusions.  The Policy is incorporated by reference into the Complaint (<u>see</u> Complaint at ¶¶ 7 & 9), and a true and correct copy of the Policy is attached hereto as Exhibit 4.

12.     Plaintiff Lee is named in the Policy as "Loss Payee."  <u>See</u> Policy [Ex. 4] at Loss Payable Provisions Endorsement, Form No. CP 12 18 06 95.

13.     The Policy's limit of insurance for the Property is $107,950.00, with coverage at replacement cost.  <u>See</u> Policy [Ex. 4] at Commercial Property Coverage Part Declarations, Form F001 (03/12).

14.     Lee's complaint alleges that "Lee was the owner of a structure or building located at 177 Airport Road, Centreville, Alabama 35042"; that "Lee entered into a lease agreement with Maciel, LLC"; and that "[a]s a condition to the lease, Maciel obtained a property casualty insurance policy from Nautilus Insurance Group."[1]

---

[1]        Compl. at ¶¶ 5 & 6.

15.     Lee's complaint alleges that the Property "was destroyed by fire" on June 22, 2014.[2]

16.     Lee's complaint alleges that the Policy "provided coverage for loss by fire."[3]

17.     Lee's complaint alleges that Plaintiff "is listed as loss payee and is a beneficiary of the subject policy of insurance."[4]

18.     Lee's complaint alleges that Lee "made timely demand for payment under the policy and coverage was denied."[5]

19.     Lee's complaint alleges that Nautilus breached the Policy by "failing to make payment to Lee for the covered loss," that Engle Martin "contributed to the decision of Nautilus to deny coverage and acted as an agent of Nautilus," and that Lee is "entitled to damages for the breach of the insurance contract by Nautilus … and its purported agent Engle Martin[.]"[6]

20.     Lee's complaint states that it "demands damages against Defendants…in an amount which a jury may deem appropriate."[7]

21.     When a complaint does not identify a specific amount of damages, the removing party can establish the requisite jurisdictional amount in controversy by submitting evidence of the amount in controversy.  See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754-56 (11th Cir. 2010).

22.     Nautilus retained Engle Martin as an independent adjuster to provide a damage estimate for the fire damage to the Property.  See E. Sharlot Declaration [Ex. 5] at ¶ 4).  Engle Martin estimated the replacement cost of the damaged Property at $136,741.44, and the actual

---

[2]      Compl. at ¶ 8.
[3]      Compl. at ¶ 7.
[4]      Compl. at ¶ 12.
[5]      Compl. at ¶ 10.
[6]      Compl. at ¶¶ 14 & 15.
[7]      Compl. at p. 2 ("Prayer for Relief").

4

cash value of the damaged Property at $102,556.08.  See E. Sharlot Declaration [Ex. 5] at ¶ 6 & attached Engle Martin estimate [Ex. 5-A].  The Engle Martin estimate is the only estimate Nautilus obtained for the fire damage to the Property.  See E. Sharlot Declaration [Ex. 5] at ¶ 7.

23.     The damages Lee seeks to recover under the Policy exceed $75,000.  Therefore, the amount in controversy exceeds $75,000, exclusive of interest and costs.

<u>CONCLUSION</u>

This is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332(a), and is one which is removable to this Court under 28 U.S.C. §1441(a), because this action is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Therefore, pursuant to 28 U.S.C. §1441(a), this case may be removed to the United States District Court for the Northern District of Alabama, Western Division.  Engle Martin will promptly, upon the filing of this Notice of Removal, give written notice thereof to the Plaintiff and will file a copy of the notice with the Clerk of the Circuit Court of Bibb County, Alabama.

WHEREFORE, Engle Martin prays that this Notice of Removal be deemed good and sufficient as required by law, that the captioned matter be removed from the Circuit Court of Bibb County, Alabama, to the United States District Court for the Northern District of Alabama, Western Division, and that this Court proceed with the action as if it had been commenced originally in this Court.

*s/ William E. Shreve, Jr.*
WILLIAM E. SHREVE, JR.    (SHR002)
Attorney for Defendant Engle Martin & Associates, LLC

PD.28967360.1

5

OF COUNSEL:

**PHELPS DUNBAR LLP**
101 Dauphin Street, Suite 1000
Mobile, Alabama 36602
Post Office Box 2727
Mobile, Alabama 36652-2727
251-432-4481
william.shreve@phelps.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing Notice of Removal with the Clerk of Court on June 25, 2020, by using the CM/ECF system which will send a notice of electronic filing to the following counsel for Plaintiff, that I have also on the same date emailed the foregoing Notice of Removal to the following counsel for Plaintiff, and that I have also on the same date served the foregoing Notice of Removal on the following counsel for Plaintiff by United States Mail:

Richard M. Kemmer, Jr.
RICHARD M. KEMMER, JR., P.C.
1124 Walnut Street
Centreville, AL  35042
mkemmer@kemmerlaw.com

*s/ William E. Shreve, Jr.*
WILLIAM E. SHREVE, JR.